IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal No.:4:15-CR-158-BHH |
| vs. | ) |
| Thomas Bradford Waters | ) **O R D E R** |

    A criminal defendant has the right to be represented by counsel, *see Gideon v. Wainwright*, 372 U.S. 335, 344 (1963), or to represent himself, *see Faretta v. California*, 422 U.S. 806, 807 (1975). However, a criminal defendant does not have a constitutional right to hybrid representation, i.e. both through counsel and self-representation or pro se. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984). *See also United States v. Vampire Nation*, 451 F.3d 189, 206 n. 17 (3d Cir. 2006) (holding a district court has the authority to issue limitations on pro se filings submitted while the party is represented by counsel.). Therefore, as a general rule, a defendant represented by counsel is not entitled to have his pro se motions considered by the court.

    Here, the defendant has filed three pro se motions (ECF Nos. 25, 26, 32) and an appeal of a decision of the Magistrate Judge (ECF No. 33). The defendant, however, is currently represented by a court-appointed attorney. Since the defendant has counsel, the defendant is attempting to proceed in a hybrid fashion. As the right of self-representation does not include the right to hybrid representation, the court DENIES the defendant's pro se motions (ECF Nos. 25, 26, 32) and appeal (ECF No. 33). The defendant should seek relief from this court through his court-appointed attorney.

    IT IS SO ORDERED.

                                                            /s/Bruce Howe Hendricks
                                                            United States District Judge

April 15, 2015
Florence, South Carolina