UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America, | ) Criminal No. 4:15-cr-158-BHH |
| vs. | ) |
| Thomas Bradford Waters, | ) **OPINION AND ORDER** |
| _____ | ) |

The defendant, Thomas Waters, seeks review by this Court of the order of detention issued by Magistrate Judge Thomas Rogers on March 24, 2015 (ECF No. 22). The defendant's motion is filed pursuant to 18 U.S.C. § 3145, which provides in relevant part:

> **(b) Review of a detention order.**--If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C.A. § 3145. In support of his motion, counsel for the defendant submitted a transcript of the detention hearing held before Judge Rogers on March 24, 2015 (ECF No. 48).

A district court considering a motion for revocation or amendment "should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion." *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). However, where there is an adequate record for the district court to reconsider the magistrate judge's findings, the district court need not conduct an additional hearing. *See, e.g., United States v. Williams,* 753 F.2d 329, 334 (4th Cir.

1985) ("[I]n most cases, a trial court's review of a transcript of proceedings would, either as part of a *de novo* detention hearing, or as part of a review of a detention order under 18 U.S.C. § 3145(b) be sufficient to withstand appellate review.").

The Court has carefully reviewed the transcript in this case and agrees with Magistrate Judge Rogers that the defendant should be detained. At the detention hearing on March 24, 2014, ATF Agent Alan Craig Townsend testified regarding the circumstances of the defendant's arrest. According to Agent Townsend, officers of the Lake City Police Department were dispatched after the police received a call that two subjects were fighting in the street and that one of them (the defendant) had a gun. When the officers arrived, they allegedly found the defendant, a felon, in possession of a stolen handgun that had been manufactured outside of South Carolina. (*Id.* at 7-8.) According to the testimony, the officers shot the defendant with a taser after he reached for the handgun. (*Id.* at 7.) Although the officers were able to secure the weapon, the defendant managed to break one of the Taser leads and struggled with the officers before being handcuffed. (*Id.*) Even after he was handcuffed, the defendant grabbed one of the officers' Tasers and only relinquished it after one of the officers drew his service weapon. (*Id.*)

In addition to the violent circumstances surrounding the defendant's arrest, the defendant has significant criminal record, which includes convictions on multiple counts of assault with intent to kill, assault and battery of a high and aggravated nature, third degree assault and battery, malicious injury to personal property, and resisting arrest. (*Id.* at 8-9.) Additionally, at the time of the arrest giving rise to this case, the defendant

had pending charges for common law robbery, strong arm robbery, criminal domestic violence, and assault and battery of a high and aggravated nature. (*Id.* at 9.)

Given the circumstances surrounding the defendant's arrest and his prior record the Court easily concludes that there is a serious risk that he will endanger the safety of another person or the community. For this reason, the Court agrees with the Magistrate Judge that the defendant should remain detained. Accordingly, the defendant's motion for bond (ECF No. 43) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

May 22, 2015
Greenville, South Carolina