IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 4:15-cR-00158-BHH-1 |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| THOMAS BRADFORD WATERS ) | |
| ) | |
| ) | |

    A criminal defendant has the right to be represented by counsel, *see Gideon v. Wainwright*, 372 U.S. 335, 344 (1963), or to represent himself, *see Faretta v. California*, 422 U.S. 806, 807 (1975). However, a criminal defendant does not have a constitutional right to hybrid representation, i.e. both through counsel and self-representation or *pro se*. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); see *also United States v. Vampire Nation*, 451 F.3d 189, 206 n.17 (3rd Cir. 2006) (holding a district court has the authority to issue limitations on *pro se* filings submitted while the party is represented by counsel). Therefore, as a general rule, a defendant represented by counsel is not entitled to have his *pro se* motions considered by the court.

    Here, Defendant Thomas Bradford Waters ("Defendant") has filed three *pro se* motions (ECF Nos. 135; 151; 153). Defendant, however, is currently represented by a court-appointed attorney. Therefore, the Court finds that he is attempting to proceed in a hybrid fashion. As the right of self-representation does not include the right to hybrid representation, the court DENIES Defendant's *pro se* motions (ECF Nos. 135; 151; 153). Defendant should seek relief from this Court through his court-appointed attorney.

    IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

1

2

April 11, 2016
Florence, South Carolina