UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THOMAS BRADFORD WATERS,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent, | Criminal No. 4:15-cr-158-BHH<br>Civil Action No. 4:19-cv-4-BHH<br><br>**OPINION AND ORDER** |

This matter is before the Court upon Movant Thomas Braford Waters' ("Waters") motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (ECF No. 193), motion to proceed in forma pauperis (ECF No. 194), motion for relief under the First Step Act (ECF No. 202), motion to reduce sentence (ECF No. 207), motion to substitute attorney (ECF No. 220), motion for discovery (ECF No. 222), motion for evidentiary hearing (ECF No. 223), and motion to appoint counsel (ECF No. 228), as well as Respondent United States of America's ("Government") motion for summary judgment (ECF No. 212). For the reasons set forth below, all of Waters' motions are denied and the Government's motion for summary judgment is granted.

## BACKGROUND

On March 25, 2015, Waters was charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 12.) Prior to trial, Petitioner sought to suppress various evidence, challenging police reliance on an anonymous 911 call that led the police to his location—where they observed him in

1

possession of a firearm—as the basis for reasonable suspicion or probable cause. (*See* ECF Nos. 63, 80, 96.) The undersigned denied Waters' motions to suppress. (ECF No. 80.) Thereafter, on September 14, 2015, a jury found Waters guilty of being a felon in possession of a firearm. (ECF No. 112.)

On April 13, 2016, Waters was sentenced to a term of 120 months' incarceration (ECF Nos. 161, 162), which represented the middle of his guideline range and a statutory maximum sentence (*see* ECF No. 165 at 16). The judgment was entered on April 15, 2016. (ECF No. 162.) Waters appealed his conviction and sentence, which were affirmed by the Fourth Circuit Court of Appeals. (ECF No. 168.) The mandate was issued July 31, 2017. (ECF No. 183.) The U.S. Supreme Court denied Waters' petition for a writ of certiorari on January 8, 2018. (ECF No. 189.) Waters timely filed the instant motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 on January 2, 2019. (ECF No. 193.)

## **LEGAL STANDARDS**

**Motions to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255**

A prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255 by filing a motion in the court that imposed the sentence. To succeed on such a motion, the prisoner must prove one of the following: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled

to no relief." 28 U.S.C. § 2255(b). The determination of whether to hold an evidentiary hearing ordinarily is best left to the common sense and sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . ., to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citations and quotation marks omitted).

**Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of

Counsel for his defence." U.S. Const. amend. VI. The U.S. Supreme Court has held that this right is violated when counsel retained by, or appointed to, a criminal defendant fails to provide adequate or effective legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Strickland* established a two-prong test for a claim of ineffective assistance of counsel in violation of the Sixth Amendment, under which the criminal defendant must show deficient performance and resulting prejudice. *Id.* at 687. "The performance prong of *Strickland* requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). "[C]ounsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,'" and courts should indulge in a "'strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (modifications omitted) (quoting *Strickland*, 466 U.S. at 689–90). "To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler*, 566 U.S. at 163 (quoting *Strickland*, 466 U.S. at 694).

## **DISCUSSION**

**28 U.S.C. § 2255 Motion (ECF No. 193)**

Waters raises a number of grounds for his motion to vacate, set aside, or correct his sentence under § 2255. In Ground One, he claims that his trial counsel was ineffective (1) for not challenging the indictment because trial counsel allegedly knew that testimony given by an ATF agent to the grand jury was false, (2) for failing to seek a hearing pursuant

4

to *Franks v. Delaware*, 438 U.S. 154 (1978) after having knowledge that the police gave false statements in support of a warrant for his arrest, and (3) for "not challenging the anonymous 911 call at [his] suppression hearing." (ECF No. 193 at 5.) In Ground Two, Waters asserts that his Fourth Amendment right to be free from unreasonable searches was violated when the police searched his house and his yard. (*Id.* at 6.) In Ground Three, Waters claims that both his trial counsel and appellate counsel were constitutionally deficient for failing to assert a Fourth Amendment violation because the anonymous 911 call allegedly did not give the police reasonable suspicion to seize him. (*Id.* at 8.) In Ground Four, Waters asserts that his trial counsel was ineffective for failing to advance a Fourth Amendment excessive force theory at the suppression hearing by introducing pictures to show that Waters was tased four times. (*Id.* at 9.) Waters' claims fail to make the requisite showing for both the performance prong and the prejudice prong of the *Strickland* standard, and his § 2255 motion is accordingly denied.

With respect to Ground One, the first two portions of Waters' arguments arise from a statement made by an ATF agent before the grand jury to the effect that another law enforcement officer present at the scene of Waters' arrest observed him place a firearm in his back pocket. (*See* ECF Nos. 193 at 5; 201 at 2–5; 201-1 at 9.) Later testimony from the responding law enforcement officer revealed that he observed the firearm already in Waters' back pocket. (*See id.*) This minor discrepancy in police testimony would not provide grounds for Waters' defense counsel to seek dismissal of the indictment, and Mr. Nettles' performance was not constitutionally deficient for failure to raise such an argument. *See United States v. Derrick*, 163 F.3d 799, 810 (4th Cir. 1998) (holding that the record did not support the district court's individual findings of prosecutorial

misconduct, "much less that there [had] been an established pattern of prosecutorial misconduct . . . that would justify the extraordinary sanction of the dismissal of the defendants' indictments"); *United States v. Golding*, 168 F.3d 700, 702 (4th Cir. 1999) (stating that, in seeking the extraordinary remedy of dismissal, a criminal defendant must show both improper conduct by the government and causally related prejudice to the defendant's substantial rights). The third portion of Waters' arguments relates to a 911 call that led responding officers to the area where they observed Waters with a firearm. Waters appears to argue that Mr. Nettles was ineffective for failing to subpoena the dispatcher that answered the 911 call and/or request the 911 call recording. (*See* ECF No. 193 at 5.) This argument is unavailing because Mr. Nettles specifically addressed these very issues at the suppression hearing and moved to have relevant portions of the content of the 911 call suppressed. (*See* ECF Nos. 96 & 97.) Moreover, it is undisputed that there was no recording of the 911 call and Mr. Nettles requested all available information about the call during the discovery process. (*See* ECF Nos. 97 & 204.) Mr. Nettles' actions in this regard clearly fell within the wide range of reasonable professional assistance and Waters has failed to demonstrate either deficient performance or prejudice. *See Strickland*, 466 U.S. at 689 ("Because of the difficulties inherent in making the evaluation [of attorney performance], a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . .")

Grounds Two and Three largely rehash the arguments Waters' raises in Ground One and are no more successful at demonstrating deficient performance or prejudice. (*See* ECF No. 193 at 6–8.) The alleged evidentiary discrepancies raised by Waters and his assertions about the admissibility of the content of the 911 call do not undermine the

fact that the responding law enforcement officers possessed reasonable suspicion and probable cause. (*See* Tr. of Suppression Hr'g, ECF No. 96 at 12–13 (indicating that the responding law enforcement officer observed a firearm sticking out of Waters' pocket upon arriving at the scene, recognized Waters from previous experience with him, and knew that Waters was a previously convicted felon).) Moreover, to the extent that Waters is seeking adjudication of the substantive Fourth Amendment issues implicated by Grounds Two and Three, his claims are foreclosed absent a showing of cause—as to why those issues were not raised in his direct appeal—and actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167–68 (1982) (holding, in the context of a § 2255 motion raising issues that were not raised on direct appeal, that "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains"). No such showing has been made, and Waters' second and third grounds for relief are denied.

Waters has likewise failed to demonstrate ineffective assistance by his appellate counsel. He appears to argue that his appellate counsel was constitutionally deficient for not having appealed the grounds discussed above and other issues. (*See* ECF Nos. 193 at 8; 201 at 2–10.) However, Waters was permitted to raise any issues that he saw fit by way of his pro se briefs, which were accepted by the Fourth Circuit and under consideration when the Court of Appeals affirmed his conviction. *See* Order Accepting Pro Se Filings, *United States v. Waters*, No. 16-4214 (4th Cir. Feb. 1, 2017) ("Upon consideration of appellant's several motions for leave to file a pro se supplemental brief and amended pro se supplemental brief, the court grants the motions and accepts the

proposed pro se supplemental brief and amended pro se supplemental brief as filed."); *see also United States v. Waters*, 697 F. App'x 760, 763 n.3 (4th Cir. 2017) (discussing an argument raised by Waters in one of his pro se briefs), *cert. denied*, 138 S. Ct. 705 (2018), *reh'g denied*, 138 S. Ct. 1322 (2018). Thus, Waters raised, in those pro se filings, the same issues he now argues his appellate counsel was ineffective for not raising. Issues litigated on direct appeal are not subject to collateral attack by way of § 2255 motion absent an intervening change in the law. *See Boeckenhapt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

Alternatively, assuming the issues Waters complains of were not sufficiently considered on direct appeal to render them exempt from collateral attack under the rule in *Boeckenhapt*, Waters still has not shown any material failure on the part of his appellate counsel. In the Fourth Circuit, when applying the *Strickland* standard in the context of appellate counsel, it is "presume[d] that appellate counsel 'decided which issues were most likely to afford relief on appeal.'" *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "Effective assistance of appellate counsel 'does not require the presentation of all issues on appeal that may have merit.'" *Mason*, 774 F.3d at 828–29 (quoting *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008)). Generally speaking, "'only when ignored issues are clearly stronger than those presented' [will a reviewing court] find ineffective assistance for failure to pursue claims on appeal." *Mason*, 774 F.3d at 829 (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

Therefore, even if Waters' appellate counsel ignored potential issues in the direct appeal, the presumption that counsel rendered effective assistance has not been

overcome. The issues in question were already before the Fourth Circuit by way of Waters' accepted pro se filings, and the Court finds that the issues focused on by appellate counsel were stronger than those of which Waters now complains. Waters has not demonstrated defective performance or prejudice resulting from his appellate counsel's advocacy, and the § 2255 motion is denied to the extent that it relies on such a theory.

Ground Four of Waters' motion asserts a claim that is not cognizable in a § 2255 motion. Waters argues that his trial counsel was ineffective for failing to raise an excessive force theory at the suppression hearing, and that the undersigned erred by not reviewing the totality of the circumstances—including the alleged excessive force—when ruling on the motion to suppress. (*See* ECF Nos. 193 at 9; 201 at 11–13.) Even if Waters' excessive force claim was meritorious, it would be fodder for a damages action against the arresting officers pursuant to 42 U.S.C. § 1983, not a viable defense or theory for the suppression of evidence. Indeed, Waters brought such a damages action in the case of *Waters v. Stewart, et al.*, wherein Judge Harwell ultimately granted the defendant officers' motion for summary judgment and dismissed Waters' excessive force claims with prejudice. *See* Order Ruling on Report and Recommendation, *Waters v. Stewart, et al.*, No. 4:15-cv-4143-RBH, ECF No. 238 (Mar. 13, 2019). Waters cannot show that his trial counsel was ineffective for failing to raise a claim that is not a defense at trial. Accordingly, Waters' fourth ground for relief is denied, and the motion to vacate, set aside, or correct his sentence under § 2255 is denied *in toto*.

**Motion to Proceed in Forma Pauperis (ECF No. 194)**

Waters appears to be confused about the procedures for filing a motion

challenging his sentence pursuant to § 2255. (*See* ECF No. 194.) There is no filing fee for such a motion. Therefore, he need not obtain permission from the Court to proceed in forma pauperis. Accordingly, Waters' motion seeking such relief is denied as moot. The five dollar ($5.00) check that he sent to the Court as a "filing fee" was returned to him with a note from the Clerk of Court explaining that there is no applicable filing fee. (ECF Nos. 191 & 192.)

**Motion for Relief Under the First Step Act (ECF No. 202)**

In his motion for relief under the First Step Act, Waters erroneously claims that the U.S. Sentencing Commission has promulgated guideline amendments that apply to reduce the penalty for his offense of conviction, and that the U.S. Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) operates to make him eligible for relief under the First Step Act. (*See* ECF No. 202.) The Court has thoroughly reviewed the record in this case, and finds that Waters' sentence for being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) is not eligible for a sentence reduction under Section 404 of the First Step Act. Accordingly, Waters' motion for relief under the First Step Act is denied.

**Motion to Reduce Sentence (ECF No. 207)**

Waters' motion to reduce sentence is a rehashed version of his motion for relief under the First Step Act. (*See* ECF No. 207.) In this motion, Waters incorrectly asserts that "it is up to the Judge that sentenced the inmate to apply the First Step Act sentence reduction and it is completely discretionary." (*Id.*) Waters sets forth his accomplishments in the drug education class and his progress toward obtaining his GED since being incarcerated. (*Id.*) Based on these achievements, and in light of his responsibilities to his

family, Waters requests sentencing relief "[b]eing that this new law has passed, and it is completely up to the judge to give out the sentence reduction." (*Id.*) The Court commends Waters for his progress toward rehabilitation and for his family-centered mindset. These are vital steps toward his ultimate success upon being released. Nevertheless, as already indicated above, Waters' offense of conviction is not eligible for a sentence reduction under the First Step Act, and the Court lacks authority to modify his sentence in a merely commendatory fashion. Accordingly, Waters' motion to reduce sentence is denied.

**Motion to Substitute Attorney (ECF No. 220)**

In his motion to substitute attorney, Waters argues that it would be a conflict of interest to be represented by the Federal Public Defender for purposes of his request for relief under the First Step Act, because Assistant Federal Public Defender William F. Nettles, IV was replaced by CJA counsel at Waters' request. (*See* ECF No. 220.) As already indicated above, Waters is not eligible for sentencing relief under the First Step Act and the sentence reduction motions are without merit. Accordingly, the motion to substitute attorney is moot and is denied.

**Motion for Discovery (ECF No. 222)**

Waters' motion for discovery seeks production of twenty-one (21) docket items in this case. (ECF No. 222.) Waters argues that he needs these materials in order to adequately respond to the Government's summary judgment motion. (*See id.*) The Court finds that production of these materials would not aid the viability of Waters' § 2255 motion, and motion for discovery is accordingly denied.

**Motion for Evidentiary Hearing (ECF No. 223)**

In his motion for an evidentiary hearing, Waters rehashes his arguments for why

his trial defense counsel was allegedly ineffective. (See ECF No. 223.) Yet, the motion for an evidentiary hearing does nothing to displace the truth that Waters' § 2255 motion "and the files and records of the case conclusively show that [Waters] is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, the motion for evidentiary hearing is denied because there is no genuine dispute as to any material fact and the Government is entitled to judgment as a matter of law. See Poindexter, 492 F.3d at 267.

**Motion to Appoint Counsel (ECF No. 228)**

Waters' motion to appoint counsel is premised on the U.S. Supreme Court's recent ruling in Rehaif v. United States, 139 S. Ct. 2191 (2019), which was decided on June 21, 2019. (See ECF No. 228.) Waters argues that Rehaif operates to invalidate his § 922(g) conviction because the Government never met its burden of proof to show that he had knowledge of his status as being prohibited from possessing a firearm. (Id.) He requests the appointment of counsel in order to assist him in "preparing a motion under the new [§ 922(g)] law that's been passed under [Rehaif]." (Id.)

Title 18, Section 922(g) provides that "[i]t shall be unlawful" for certain individuals to possess firearms, and lists nine categories of individuals subject to the prohibition, including individuals previously convicted of a felony and aliens who are "illegally or unlawfully in the United States." See 18 U.S.C. 922(g). In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and [its associated sentencing statute] § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The defendant in Rehaif was convicted of possessing a firearm while being an alien illegally or unlawfully in the United States under

§ 922(g)(5), *see id.* at 2194–95, not for being felon in possession of a firearm as Waters was in the instant case. The Supreme Court stated, "We express no view . . . about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here." *Id.* at 2200. Accordingly, the context in *Rehaif* is not directly applicable to Waters' case because the method of proof related to the knowledge requirement relevant to one's status as a previously convicted felon may be different than the method of proof related to the knowledge requirement relevant to one's status as an alien illegally or unlawfully in the United States. Moreover, there is no indication that the Supreme Court has made the holding in *Rehaif* retroactively applicable to invalidate an otherwise final conviction under § 922(g). Therefore, *Rehaif* does not provide a viable avenue of relief for Waters and his motion to appoint counsel is denied.

## **CONCLUSION**

For the reasons set forth above, Movant Thomas Braford Waters' motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (ECF No. 193), motion to proceed in forma pauperis (ECF No. 194), motion for relief under the First Step Act (ECF No. 202), motion to reduce sentence (ECF No. 207), motion to substitute attorney (ECF No. 220), motion for discovery (ECF No. 222), motion for evidentiary hearing (ECF No. 223), and motion to appoint counsel (ECF No. 228) are all DENIED. Respondent United States of America's motion for summary judgment (ECF No. 212) is GRANTED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 1, 2019
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

    The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.