UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal No. 4:15-cr-158-BHH |
| vs. | **OPINION AND ORDER** |
| THOMAS BRADFORD WATERS, | |
| Defendant. | |

This matter is before the Court upon Defendant Thomas Braford Waters' ("Waters") amended Rule 12(b)(2) motion to dismiss for lack of jurisdiction. (ECF No. 248.) For the reasons set forth below, Waters' motion is denied.

## BACKGROUND

On March 25, 2015, Waters was charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 12.) Prior to trial, Waters sought to suppress various evidence, challenging police reliance on an anonymous 911 call that led the police to his location—where they observed him in possession of a firearm—as the basis for reasonable suspicion or probable cause. (*See* ECF Nos. 63, 80, 96.) The undersigned denied Waters' motions to suppress. (ECF No. 80.) Thereafter, on September 14, 2015, a jury found Waters guilty of being a felon in possession of a firearm. (ECF No. 112.)

On April 13, 2016, Waters was sentenced to a term of 120 months' incarceration

(ECF Nos. 161, 162), which represented the middle of his guideline range and a statutory maximum sentence (*see* ECF No. 165 at 16). The judgment was entered on April 15, 2016. (ECF No. 162.) Waters appealed his conviction and sentence, which were affirmed by the Fourth Circuit Court of Appeals. (ECF No. 168.) The mandate was issued July 31, 2017. (ECF No. 183.) The U.S. Supreme Court denied Waters' petition for a writ of certiorari on January 8, 2018. (ECF No. 189.)

Waters timely filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on January 2, 2019. (ECF No. 193.) Waters raised a number of grounds for relief premised on the assertions that his trial counsel and appellate counsel were constitutionally ineffective in various ways, and that his Fourth Amendment right to be free from unreasonable searches was violated. (*See id.*) On August 1, 2019, the Court denied the § 2255 motion along with numerous other motions Waters had filed. (ECF No. 229.) Waters subsequently filed a motion for reconsideration (ECF No. 232), which the Court denied on August 20, 2019. (ECF No. 236.) On December 19, 2019, after having received notice from the Clerk for the Court of Appeals for the Fourth Circuit that this Court neglected to include a ruling on determination of a certificate of appealability (*see* ECF No. 251), the Court replaced its August 1, 2019 Order with a document including the Court's intended denial of a certificate of appealability. (*See* ECF No. 229 at 14.)

Waters filed the instant Rule 12(b)(2) motion to dismiss for lack of jurisdiction on December 16, 2019. (ECF No. 248.) The Government responded on December 20, 2019. (ECF No. 252.) These matters are ripe for review and the Court now issues the following ruling.

## LEGAL STANDARDS

Federal Rule of Criminal Procedure 12(b)(2) states, "A motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Waters brings this motion *pro se*. District courts are required to liberally construe pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Waters styles his motion as a Rule 12(b)(2) motion to dismiss for lack of jurisdiction. He argues:

> In my case after *Rehaif* it clearly appears that the court now lacks jurisdiction, because the only mens rea alleged in my indictment is that I knowingly possessed a firearm having previously been convicted of a felony affecting interstate and foreign commerce. . . . While the grand jury did allege that I was in fact a felon, it did not allege I knew I was a felon. *Rehaif* held that such knowledge is an essential element of a 922[(g)] offense. Thus, as stated in *Stirone v. U.S.*, 361 U.S. 212, it is a fatal error to permit an individual to be convicted on a charge the grand jury never made against him. The *Stirone*, 361 U.S. 219, court also pointed out that the right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away with or without court

3

amendment.

(ECF No. 248 at 1.) Waters also cites *Bousley v. United States*, 523 U.S. 614 (1998), for the proposition that where the neither the defendant, nor his counsel, or the court correctly understood the essential elements of the crime with which the defendant was charged the conviction is constitutionally invalid. (*See* ECF No. 248 at 2.) Waters states:

> This is what took place in my case, consistent with my indictment the district court only advised me that I was charged with possessing a firearm after having been previously . . . convicted of a felony. The Court never advised me that the government was required to prove that I knew I was a felon, the court also never told the jury the government was required to prove this essential element of the offense. Thus, in light of *Rehaif*, 139 S. Ct. 2191, and the other Supreme Court and other federal court rulings listed in this motion under Rule 12(b)(2) this court now lacks subject matter jurisdiction, and my conviction is constitutionally invalid, and I should be returned to the U.S. District Court of Florence S.C. to have this court address these issues.

(*Id.*)

First, to the extent Waters' motion is considered as a motion to dismiss the indictment for lack of jurisdiction pursuant to Rule 12(b)(2), the motion is untimely. A motion alleging that the indictment fails to invoke the court's jurisdiction may be made at any time "while the case is pending." *See* Fed. R. Crim. P. 12(b)(2). Waters filed the instant motion (December 16, 2019) long after the U.S. Court of Appeals for the Fourth Circuit affirmed his conviction (mandate issued July 31, 2017) and the U.S. Supreme Court denied his petition for a writ of certiorari (January 8, 2018). Thus, his case was not "pending" within the meaning of Rule 12(b)(2). *See, e.g., United States v. Bosket*, No. 8:07-CR-01362-GRA-1, 2011 WL 588286, at *2 (D.S.C. Feb. 10, 2011) (citations omitted) (finding defendant's motion to dismiss for lack of jurisdiction untimely where motion was filed after Fourth Circuit affirmed conviction because defendant's case was

not "pending" within the meaning of Rule 12). On this basis alone, the motion should be denied.

Second, to the extent the motion is interpreted as a request to vacate or set aside Waters' conviction and/or sentence pursuant to 28 U.S.C. § 2255, the motion must be dismissed for lack of jurisdiction. Section 2255 states, in relevant part:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Section 2244 states, in relevant part:

> (2) A claim presented in a second or successive [section 2255 application] that was not presented in a prior application shall be dismissed unless—
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b). Waters has already filed a § 2255 motion in this case, which the Court denied on substantive grounds. (*See* ECF No. 229.) Thus, his current filing, if interpreted as made pursuant to § 2255, is "[a] second or successive motion" and is

subject to dismissal for Waters' failure to move for or receive prior authorization from the Fourth Circuit pursuant 28 U.S.C. § 2244(b).

Third, "*Rehaif* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2)." *Williams v. United States*, No. 317CR00241MOCDCK1, 2019 WL 6499577, at *2 (W.D.N.C. Dec. 3, 2019) (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)). Moreover, as this Court has already noted in this case, and other courts have held, "[T]he Supreme Court did not make *Rehaif* retroactive to cases on collateral review." *Id.* (citing *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019)). Waters did not bring the instant claim within one year of his conviction becoming final. Accordingly, there is no indication that Waters would have or even could have received permission to file a second § 2255 motion if he had applied for such authorization, and the motion is subject to dismissal.

## CONCLUSION

For the reasons set forth above, Defendant Thomas Braford Waters' amended Rule 12(b)(2) motion to dismiss for lack of jurisdiction (ECF No. 248) is DENIED.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or

6

wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). To the extent that Waters' filing is considered a § 2255 motion, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

/s/ Bruce Howe Hendricks
United States District Judge

April 28, 2020
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.