UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| ) | Criminal No. 4:15-cr-00158-BHH |
| ) | Civil Action No. 4:19-cv-00004-BHH |
| v. ) | |
| ) | **Opinion and Order** |
| Thomas Bradford Waters, ) | |
| ) | |
| Petitioner. ) | |
| _____ ) | |

On September 11, 2023, following remand from the Fourth Circuit on March 30, 2023,[1] Thomas Bradford Waters ("Petitioner") filed a *pro se* motion for "default judgment / summary judgment" regarding his previously filed motion pursuant to 28 U.S.C. § 2255. (ECF No. 286.) Essentially, Petitioner challenges the validity of his Section 922(g) conviction and asserts that his conviction is invalid based upon *Rehaif v. United States*, 588 U.S. ——, 139 S. Ct. 2191 (2019).[2] Specifically, he claims that the "2006 assault and battery of a high and aggravated nature" conviction relied upon by the Government at trial was "overturn[ed] on a state post [-] conviction appeal" and, therefore, he is "not a convicted felon." (ECF No. 286 at 1.) Petitioner also filed a *pro se* motion to compel the Government "to turn over the 'state' docket sheet from docket # 06-GS-21-1463 as well as the post [-] conviction hearing transcript and order overturning the conviction" and

---

[1] *United States v. Waters*, 64 F. 4th 199 (2023) (holding *Rehaif* applies to all 18 U.S.C. § 922(g) firearms-possession offenses and applies retroactively to initial § 2255 motions and, therefore, vacating and remanding issues and merits of Petitioner's claim to the district court).
[2] In *Rehaif*, the Supreme Court held that to be convicted of knowing possession of a firearm by a prohibited person, 18 U.S.C. §§ 922(g), 924(a)(2), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.

certain exhibits from his federal trial. (ECF No. 293 at 1-2.) Therein, Petitioner argues that the Government "unlawfully used a state conviction that was overturned to support its 922(g)(1) case." (*Id.* at 1.)

On November 13, 2023, the Government filed a response in opposition and for summary judgment, arguing that Petitioner's claim is procedurally defaulted and should be dismissed. (ECF No. 304-1.) Petitioner filed a *pro se*[3] reply on January 8, 2024. (ECF No. 307.) This matter is ripe for resolution.

## I.     FACTS AND PROCEDURAL BACKGROUND

On March 24, 2015, a grand jury returned a single-count indictment against Petitioner, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 12). Prior to trial, Petitioner sought to suppress various evidence, challenging the police's reliance on an anonymous 911 call that led the police to his location—where they observed him in possession of a firearm—as the basis for reasonable suspicion or probable cause. (ECF Nos. 63, 80, 96.) The Court denied Petitioner's motion to suppress. (ECF No. 80.) A jury trial was held on September 14, 2015, and a jury found Petitioner guilty of being a felon in possession of a firearm, in violation of § 922(g)(1). (ECF Nos. 83, 109, 112.)

Prior to sentencing, a Presentence Investigation Report ("the PSR") was prepared. (ECF Nos. 138, 150 (revised), 165 (final).) At the time Petitioner possessed the firearm, he had previously been convicted of the following crimes punishable by imprisonment for

---

[3] The Court notes that it granted Petitioner's motion to appoint counsel on June 20, 2023. (ECF No. 284-85.) On September 21, 2023, Petitioner's counsel filed a motion to be relieved as counsel and to appoint new counsel, (ECF No. 287), which was granted on September 27, 2023. (EF No. 289.) On October 26, 2023, Petitioner's newly appointed counsel filed a motion to adopt Defendant's prior filings with the Court, namely ECF Nos. 286 and 293. Despite this history, Petitioner's Reply was not field by his counsel but was filed *pro se*.

2

a term exceeding one year: two 2007 South Carolina convictions for assault with intent to kill and one 2007 South Carolina conviction for assault and battery of a high and aggravated nature. (*Id.* ¶ 20.) Petitioner was sentenced to seven years' imprisonment to run concurrently for these crimes. (*Id.*) Petitioner's Base Offense Level was 20 because he committed the offense after receiving at least one felony conviction for a crime of violence: assault with intent to kill. (*Id.* ¶ 42.) Petitioner received a four-level enhancement because Petitioner possessed a firearm in connection with the felony offenses of resisting arrest with a deadly weapon and assault on a police officer while resisting arrest. (*Id.* ¶ 44.) Ultimately, Petitioner had a Total Offense Level of 28 and a Criminal History Category of IV, which resulted in a restricted advisory guideline range of 110 to 120 months of imprisonment. (*Id.* ¶ 74.)

On April 13, 2016, Petitioner was sentenced to a term of 120 months' imprisonment. (ECF Nos. 161, 162.) Petitioner appealed his conviction and 120-month sentence, arguing (in relevant part) that the Court erred in ruling that the state court conviction in South Carolina for assault with intent to kill is a crime of violence under the Sentencing Guidelines. (ECF Nos. 115, 178.) On June 21, 2017, the Fourth Circuit Court of Appeals rejected Petitioner's argument and affirmed the judgment of the district court. (ECF No. 178.) Petitioner petitioned the United States Supreme Court for a writ of certiorari, which was denied on January 8, 2018. (ECF Nos. 185, 189.)

On January 2, 2019, Petitioner timely filed a § 2255 motion, (ECF No. 193), and the Government filed a response in opposition and for summary judgment. (ECF Nos. 211, 212.)  On August 1, 2019, the Court denied Petitioner's § 2255 motion and granted the Government's motion for summary judgment. (ECF No. 229). Petitioner filed a motion

to reconsider, which the Court denied. (ECF Nos. 232, 236.) Petitioner then appealed the Court's order denying his motion to reconsider. (ECF No. 242.)

On November 1, 2019, Petitioner filed an amended motion to appoint counsel, arguing that he is entitled to relief pursuant to *Rehaif*, which the Supreme Court decided on June 21, 2019. (ECF No. 244.) The Court denied this amended motion on December 3, 2019, holding that "there is no indication that the Supreme Court has made the holding in *Rehaif* retroactively applicable to invalidate an otherwise final conviction under § 922(g)." (ECF No. 246.) Petitioner filed several other motions that were denied by the Court.

On March 30, 2023, the Fourth Circuit issued an opinion holding that *Rehaif* announced a new substantive rule that applies retroactively on collateral review. (ECF No. 282.) Therefore, it vacated and remanded the instant case back to this Court for further proceedings consistent with its opinion. (*Id*.) Thereafter, Petitioner filed the two motions presently before the Court, the Government filed a response in opposition and for summary judgment, and Petitioner filed a *pro se* reply.

## II.     STANDARD OF REVIEW

A federal prisoner may challenge a sentence imposed by a federal court if: (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" if a petitioner shows that the proceedings suffered from "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979)

(cleaned up). "This standard is only satisfied when a court is presented with exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (cleaned up).

If raised by the government, a claim is procedurally defaulted and subject to dismissal if it could have been made on direct appeal but is raised for the first time in post-conviction proceedings. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "Two showings excuse a procedural default: a defendant's demonstration of 'either cause and actual prejudice or that he is actually innocent.'" *United States v. McKinney*, 60 F.4th 188, 193 (4th Cir. 2023) (citing *Bousley*, 523 U.S. at 622).

## III.   DISCUSSION

Petitioner argues that the Government cannot "meet its burden of showing that [he] was a convicted felon" because the conviction relied upon by the government "was overturned on a state post [-] conviction appeal." (ECF No. 286 at 1.) Thus, Petitioner contends that he is "not a convicted felon." (*Id.*) The Government moves for summary judgment, arguing that under binding Supreme Court precedent Petitioner procedurally defaulted his *Rehaif* claim on collateral review by failing to challenge on direct review the constitutional validity of his conviction and sentence.[4] The Court agrees with the Government.

---

[4] As to Petitioner's claim that his prior felony conviction was overturned in a state post-conviction matter, the Government notes that "Petitioner has presented no documentation to support this contention" and that it is aware of none. (ECF No. 304-1 at 12.) Taking this one step further, the Government attaches to its motion results from "a search of the South Carolina Judicial Department Public Index for Florence County, where Petitioner's convictions were sustained," that shows "only two post-conviction relief matters for Thomas Waters, both of which were dismissed by the Court." (*Id.* at 12. S*ee id.* at Attach. 1.) Thus, the Government argues that this claim lacks merit. After review, the Court agrees. Accordingly, the Court denies Petitioner's motion to compel. (ECF No. 293).

Accordingly, the Court finds that it may consider the merits of Petitioner's *Rehaif* claim on collateral review only if Petitioner can first demonstrate either cause for the procedural default and resulting prejudice or that he is actually innocent of violating § 922(g)(1), as alleged in the indictment.

### A. Petitioner Cannot Demonstrate Cause

To prove cause, Petitioner must demonstrate that there was "some external impediment preventing [his] counsel from constructing or raising the claim." *Murrary v. Carrier*, 477 U.S. 478 (1986). A change in the law constitutes "cause" only if "a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984); *see also McKinney*, 60 F. 4th at 193-94. "[A]lleged futility cannot serve as 'cause' for a procedural default in the context of collateral review . . . if it means simply that a claim was unacceptable to that particular court at that particular time." *Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (*citing Bousley*, 523 U.S. at 623).

Although claims that are "so novel that [their] legal basis is not reasonably available to counsel may constitute cause for a procedural default," *Bousley*, 523 U.S. at 622, "claims about the statutory language that have been repeatedly litigated do not qualify." *Gray v. United States*, No. 3:19 C 607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020). "In *Bousley* the Supreme Court declined to except from procedural default petitioner's argument that the federal firearm possession statute's application changed after the Court interpreted 'use' as different from mere possession. The fact that a claim was unacceptable to a particular court at the particular time of a plea does not suffice to overcome a procedural default." *Id.* (citing *Bousley*, 523 U.S. at 622).

6

Petitioner's claim here is virtually identical to the one made—and rejected—in *Bousley* "in that numerous courts have opined on the 'knowledge of status' argument [Petitioner] asserts here prior to *Rehaif*." *Id.*; *see, e.g., United States v. Oliver*, 693 F.2d 224, 229 (7th Cir. 1982); *United States v. Pruner*, 606 F.2d 871, 873-74 (9th Cir. 1979); *United States v. Williams*, 588 F.2d 92, 92-93 (4th Cir. 1978) (per curiam); *United States v. Goodie*, 524 F.2d 515, 518 (5th Cir. 1975); *United States v. Wiley*, 478 F.2d 415, 418 (8th Cir. 1973). Given the plethora of challenges levied against § 922(g), Petitioner's claim does not qualify as novel, "either generally or in its particular application to the statute under which he was convicted." *Gray*, 2020 WL 127464, at *3.

Indeed, several district judges in the Fourth Circuit have rejected novelty and futility as grounds to establish cause in a cause and prejudice analysis. *See, e.g., United States v. Asmer*, Crim. No. 3:16-423, 2020 WL 6827829, at *5–7 (D.S.C. Nov. 20, 2020) (relying on *Bousley* and *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001), to reject § 2255 Petitioner's argument that novelty and futility demonstrated cause for his failure to raise *Rehaif*-type claim on direct review), appeal dismissed, No. 21-6064 (4th Cir. Sept. 29, 2021) (slip. Op.); *United States v. Jackson*, No. Cr. 3:17-810-CMC, 2021 WL 694848, at *10 (D.S.C. Feb. 23, 2021) (holding, in context of § 2255 motion, defendant did not demonstrate cause to excuse his failure to raise *Rehaif*-type claim on direct review because no objective external impediments prevented him from doing so); *Wilson v. United States*, Nos. 3:14CR254, 3:19CV280, 2020 WL 4950930, at *8 (W.D.N.C. Aug. 24, 2020) (holding, in context of § 2255 motion, defendant could not demonstrate cause for failure to raise *Rehaif*-type claim on direct review), appeal dismissed, No. 20-7436, 2020 WL 9148121 (4th Cir. Nov. 30, 2020); *United States v. Vasquez-Ahumada*, No.

7

5:18CR5, 2020 WL 3213397, at *2 (W.D. Va. June 15, 2020) (same); *United States v. Mayo*, No. 4:12cr00032-003, 2020 WL 2476167, at *2 (W.D. Va. May 13, 2020) (same); *Watkins v. United States,* No. 1:18CR379, 2023 WL 2753240, at *3 (M.D.N.C. Jan. 20, 2023), report and recommendation adopted, No. 1:18-CR-379-1, 2023 WL 2743134 (M.D.N.C. Mar. 31, 2023) (same and collecting cases). Accordingly, the Court finds that Petitioner has not demonstrated cause sufficient to excuse his procedural default.

### B.  Petitioner Cannot Show Actual Prejudice

In *Rehaif*, the Supreme Court held that, in order to be convicted under 18 U.S.C. § 922(g), the government "must prove that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (2019). This means the Government had to prove that Petitioner knew at the time he possessed the firearm that he "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). This "knowledge can be inferred from circumstantial evidence." *Rehaif*, 139 S. Ct. at 2198.

Regarding this knowledge, prior to trial the parties stipulated that "on March 12, 2015, the defendant Thomas Bradford Waters, had previously been convicted of a crime punishable by imprisonment for a term exceeding one year within the meaning of . . . 92[2](g)(1) and 921 (a)(20), therefore on March 12th, 2015, he could not lawfully possess a firearm." (ECF No. 149 at 37). At trial, the jury was instructed that "the defendant and the government have 'stipulated' – that is, they have agreed – that the defendant is a convicted felon . . . . Therefore, the government was not required to present additional evidence on these elements, and you may properly consider this fact as having been

8

provided" (ECF No. 110 at 12); "[a]s I have said, you have heard that the defendant has a prior felony conviction" (*id.* at 14); and "[a]lso, it is not necessary for the government to prove that the defendant knew he was a convicted felon . . . . Nor is it necessary to prove that the defendant knew he was prohibited from possessing the firearm." (*Id.* at 16.) As noted above, following a one-day trial, in which a jury found Petitioner guilty, and prior to sentencing, the United States Probation Office produced a PSR. (ECF No. 165 (final).) The PSR noted that, at the time Petitioner possessed the firearm, he had previously been convicted of the following crimes punishable by imprisonment for a term exceeding one year: two 2007 South Carolina convictions for assault with intent to kill and one 2007 South Carolina conviction for assault and battery of a high and aggravated nature. (*Id.* ¶ 20.) Petitioner was sentenced to seven years' imprisonment to run concurrent for these crimes. (*Id.*)

To show actual prejudice on collateral review, Petitioner must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)). The Supreme Court recently decided *Greer v. United States*, 141 S. Ct. 2090, 2097 (June 14, 2021),[5] which held that

---

[5] The *Greer* Court overruled the Fourth Circuit's finding of structural error and held that, "in felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." 141 S.Ct. at 2100. Moreover, since *Rehaif* was decided, a number of courts within the Eleventh Circuit have held that being a felon in possession of a firearm is still a valid criminal offense and substantial rights have not been violated where a defendant has admitted to that conduct. *See Old Chief v. United States*, 519 U.S. 172, 185-89 (1997) (holding that, where a § 922(g)(1) defendant stipulates to his felon status, the probative value of evidence about his prior convictions is substantially outweighed by the danger of unfair prejudice under Rule 401 of the Federal Rules of Evidence); *see also United States v. McLellan*, 958 F.3d 1110, 1118 (11th Cir. 2020) (with stipulation of felon status, omission of instruction on knowledge of status element did not affect substantial rights or fairness of trial)*; United States v. Reed*, 941 F.3d 1018 (11th Cir. Oct. 28, 2019) (omission of the knowledge-of-status element from an indictment charging a violation of 922(g) did not amount to an error that affected the defendant's substantial rights or the fairness, integrity, or public

9

a defendant who had stipulated to his felon status did not demonstrate that his substantial rights were affected due to a *Rehaif* error in jury instructions. The *Greer* majority further noted:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb . . . based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." [*United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020)] (Wilkinson, J., concurring in denial of reh'g en banc) ... A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden ... of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Id.* Although *Greer* was decided on direct review, to succeed with his claim on collateral review, Petitioner must similarly demonstrate that, had the jury been properly advised of the *mens rea* requirement concerning knowledge of his status as a felon at the time he possessed the firearm, it would not have convicted him of that offense. Thus, Petitioner has the burden of establishing that "in light of all the evidence," there is a "reasonable probability" that the jury would not have convicted him. *Greer*, 141 S. Ct. at 2097; *see also Bousley*, 523 U.S. at 623-24 ("actual innocence is factual innocence, not legal insufficiency").

Petitioner cannot credibly argue that, at the time he possessed the firearm that gave rise to his felon in possession conviction, he was unaware he had been convicted

---

reputation of his trial where defendant stipulated to his status as a felon and his knowledge that he was barred from having a firearm); *Shepard v. Dobbs*, No. 4:20-cv-2302-RMG-TER, 2020 WL 7001012, at *4 (D.S.C. Sept. 23, 2020), *report and recommendation adopted*, 2020 WL 6018923 (D.S.C. Oct. 12, 2020), *aff'd*, No. 20-7566, 2022 WL 127904 (4th Cir. Jan. 13, 2022) (denying *Rehaif* claim under Eleventh Circuit authority). Thus, in accordance with the Supreme Court precedent in *Greer*, the Eleventh Circuit has made it clear that "where the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a *Rehaif* error does not affect his substantial rights." *McLellan*, 958 F.3d at 1119 (citing *Reed*, 941 F.3d at 1022).

of a crime punishable by imprisonment for a term exceeding one year. *See generally Greer*, 141 S. Ct. at 2095 ("As many courts have recognized and as common sense suggests, individuals who are convicted felons ordinarily know that they are convicted felons.").[6]

Because Petitioner cannot show cause or actual prejudice, he cannot avoid the procedural bar to the Court considering his *Rehaif* claim on the merits unless he can demonstrate actual innocence.

### C. Petitioner Cannot Show Actual Innocence

Finally, a petitioner can excuse his procedural default by showing that he is actually innocent. To establish actual innocence, a prisoner must demonstrate that, "in light of all the evidence," "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (internal quotation marks omitted). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. "[T]his standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010) (internal quotation marks omitted).

---

[6] Even if Petitioner were able to overcome his procedural default, the Court finds his claim would fail on the merits because he cannot show the *Rehaif* error had a substantial and injurious effect on his conviction or otherwise prejudiced him. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (holding an error is harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict"); *see also United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013) (holding Brecht's harmless-error review standard, applicable to § 2254 cases, is also applicable to § 2255 cases). Notably, Petitioner's burden to establish prejudice under the harmless-error standard is even higher than under the plain-error standard set out in *Greer*. Thus, for the reasons articulated *supra*, the Court finds that Petitioner has failed to show actual prejudice under the harmless-error standard. Consequently, the Court finds the *Rehaif* error harmless. *See Davis v. Ayala*, 576 U.S. 257, 267–68 (2015) ("Under this test, relief is proper only if the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining [the outcome of the proceeding].") (citation and internal quotation marks omitted).

Here, Petitioner cannot show that he is actually innocent of violating § 922(g)(1). The record indicates that Petitioner was aware he had previously been convicted of a crime punishable by more than one year of incarceration. As noted above, the PSR's criminal history section sets forth multiple felony convictions for which Petitioner served 12 months or more in prison. (ECF No. 165.) Indeed, at the time of his arrest that led to the conviction from which he now seeks relief, Petitioner had served seven years in prison. (*Id.*). *See United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020) (holding that someone who spent over a decade in prison for a prior offense could not "plausibly argue that he did not know his conviction had a maximum punishment exceeding a year"). While the defendant in *Rehaif* reasonably could have been confused about his immigration status, Petitioner could make no such argument about the status of his prior felony convictions for which he served several years in prison. Accordingly, the Court finds Petitioner cannot show that no reasonable juror would have convicted him of unlawfully possessing a firearm. *See United State v. Fugit*, 703 F.3d 248, 258 (4th Cir. 2012) ("[Defendant's] conceded conduct so surely satisfies the [statutory] element that it is difficult to conceive of any reasonable juror not convicting him." (emphasis in original)).

Moreover, Petitioner does not provide any new evidence supporting his allegations of constitutional error. *Finch v. McKoy*, 914 F.3d 292, 298-99 (4th Cir. 2019) ("To establish an actual innocence claim [Petitioner] must support allegations of constitutional error with new reliable evidence that was not proffered [previously]."). As set forth above, the evidence before the Court demonstrates that Petitioner was aware of his prohibited status, having been previously convicted of a crime punishable by imprisonment for a

term exceeding one year. Accordingly, Petitioner has failed to establish that he is actually innocent of the offense.

## IV.     CONCLUSION

Because Petitioner cannot demonstrate cause and prejudice, or actual innocence, to overcome the procedural default of his *Rehaif* claim, the Court grants the Government's motion for summary judgment (ECF No. 304) and denies Petitioner's § 2255 motion (ECF No. 193) and his motion captioned, "motion for default judgment / summary judgment" (ECF No. 286). The Court also denies Petitioner's motion to compel. (ECF No. 293).

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the Court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the Court denies a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

June 28, 2024
Charleston, South Carolina